IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03123-BNB

ALTON J. GAINES, JR.,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

_____

ORDER OF DISMISSAL

_____

    Applicant, Alton J. Gaines, Jr., is a prisoner currently incarcerated at the Adams County Detention Facility in Brighton, Colorado.  He attempted to initiate this action by filing *pro se* on November 29, 2012, a document titled "Petition to Motion for Writ of Habeas Corpus" (ECF No. 1).

    In an order filed on November 30, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Gaines to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Gaines was directed to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form and to name his current warden, superintendent, jailer, or other custodian as Respondent.  Mr. Gaines also was directed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the Court-approved form and a certificate of the warden showing the current balance in his prison trust fund statement. Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules) requires such a motion.  Mr. Gaines was informed that the §

1915 motion and affidavit and certificate of the warden only were necessary if the $5.00 filing fee was not paid in advance.

The November 30 order pointed out to Mr. Gaines that the Court-approved forms he needed to cure the designated deficiencies were available to him with the assistance of his case manager or the facility's legal assistant, along with the applicable instructions, at www.cod.uscourts.gov.  The November 30 order warned Mr. Gaines that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

On December 27, 2012, Mr. Gaines filed an unintelligible document (ECF No. 5) with numerous documents.  On January 4, 2013, he filed another unintelligible document (ECF No. 6) with numerous attachments.  Neither document cures the designated deficiencies.  Therefore, the action will be dismissed without prejudice for Mr. Gaines' failure within the time allowed to cure the deficiencies designated in the November 30 order to cure.

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Gaines files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Alton J. Gaines, Jr., to comply with the order to cure dated November 30, 2012, within the time allowed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  7th  day of    January         , 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court